UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| WALLACE POWELL, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | Case No. 1:13-cv-1877-LJM-TAB |
| | ) | Case No. 1:07-cr-150-LJM-KPF-1 |
| | ) | |
| UNITED STATES OF AMERICA. | ) | |

**Entry Discussing Motion for Relief Pursuant to 28 U.S.C. § 2255
and Denying Certificate of Appealability**

Movant, Wallace Powell, filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons explained in this Entry, Powell's motion for relief must be **denied.** The Court also finds that a certificate of appealability should not issue.

### I. The § 2255 Motion

The motion for relief pursuant to 28 U.S.C. ʹ 2255 is subject to the screening directed by Rule 4 of the *Rules Governing Section 2255 Proceedings in the United States District Court.* Rule 4 provides that the judge must examine a § 2255 motion promptly and "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." Rules Governing Section 2255 Proceedings 4(b).

The scope of relief available under § 2255 is narrow. A defendant is entitled to relief under § 2255 where the error is jurisdictional, constitutional or is a fundamental defect which inherently results in a complete miscarriage of justice. *Boyer v. United States,* 55 F.3d 296, 298

(7th Cir.), *cert. denied*, 516 U.S. 904 (1995). In the language of the statute itself, a district court has jurisdiction to grant relief from a federal conviction or sentence:

> upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

28 U.S.C. ' 2255(a).

The record reflects that Powell pled guilty to robbery affecting interstate commerce (Count 1) and brandishing a firearm during and in relation to a crime of violence (Count 2) in case number 1:07-cr-150-LJM-KPF-01. Final judgment was entered on February 19, 2008. Powell now seeks to have his brandishing conviction vacated based on the Supreme Court's ruling in *Alleyne v. United States*, 133 S.Ct. 2151 (2013).

*Alleyne* overruled *Harris v. United States,* 536 U.S. 545 (2002), and found that the Sixth Amendment rights recognized in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), also apply to facts triggering a mandatory minimum sentence. This avails Powell nothing, however, because the Seventh Circuit has already determined that *Alleyne* does not apply retroactively to cases on collateral review. *Simpson v. United States,* 721 F.3d 875, 876 (7th Cir. 2013) (discussing *Alleyne* in context of habeas proceedings). In addition, Powell waived his right to a jury determination by pleading guilty. *See U.S. v. Hood,* 2013 WL 6170886, *2 (7th Cir. Nov. 26 2013) (citing *United States v. Warneke*, 310 F.3d 542, 550 (7th Cir. 2002) ("An admission is even better than a jury's finding beyond a reasonable doubt; it removes all contest from the case.")).

*Alleyne* simply does not entitle Powell to any relief under the circumstances. The § 2255 motion shows on its face that the claim therein does not entitle Powell to relief. The matter is therefore summarily dismissed pursuant to *Rule 4*.

The Order to Show Cause [dkt. 5] is **vacated** and the United States' motion for time [dkt. 7] is **denied as moot.** Judgment consistent with this Entry shall now issue.

## II.  Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the Court finds that Powell has failed to show that (1) reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **DENIES** a certificate of appealability.

**IT IS SO ORDERED.**

Date: __03/04/2014__

LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

WALLACE POWELL
#08650-028
FCI MEMPHIS
P.O. BOX 34550
MEMPHIS, TN 38184-0550